**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CAREMAX INC., *et al.*, | ) | Case No. 24-80093 (MVL) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| CLAREMEDICA VIKING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary No. 25-03070 |
| | ) | |
| ALBERT DE SOLO, CARLOS A. DE SOLO AND JONES CEMELUS, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**STIPULATION AND AGREED ORDER CONCERNING MEDIATION**

Carlos and Albert de Solo (the "de Solos"), Dr. Jones Cemelus, M.D. ("Dr. Cemelus"), and ClareMedica Viking, LLC ("ClareMedica" and together with the de Solos and Dr. Cemelus the "Parties") herby stipulate and agree as follows:

4928-7327-5995

A. On April 25, 2025, ClareMedica commenced the action captioned *ClareMedica Viking, LLC v. Albert de Solo, Carlos A. de Solo, and Jones Cemelus, M.D.*, Case No. 205-00726-CA-01, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Florida Action").

B. On June 4, 2025, the de Solos removed the Florida Action to the United States Bankruptcy Court for the Southern District of Florida.

C. On June 20, 2025, the Florida Bankruptcy Court transferred the Florida Action to this Court, as captioned above (the "Adversary Proceeding").

D. To facilitate the resolution of the Adversary Proceeding, the Parties have agreed to mediate this matter with the Honorable Edward L. Morris, United States Bankruptcy Judge on September 25, 2025.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND ORDERED AS FOLLOWS:**

1. The Parties shall participate in non-binding mediation of this Adversary Proceeding (the "Mediation") before Judge Morris.

2. Unless directed otherwise by Judge Morris, the Mediation shall commence on September 25, 2025, at 9:30 a.m. (prevailing Central Time). Mediation shall take place at the law offices of Gray Reed, 1601 Elm Street, Suite 4600, Dallas, Texas 75201. The Mediation shall continue until the earlier of (a) the date/time on which Judge Morris determines that the Mediation has terminated and has advised the Parties of the same, and (b) the date/time on which a Party advises Judge Morris and the other Parties that the Mediation has terminated. Judge Morris shall have absolute discretion as to the timing, means, and methods of the Mediation.

3. Each of the Parties shall participate in the Mediation individually or by and through a principal or other representative (or multiple principals or other representatives, as needed) having settlement authority.

4. Judge Morris will mediate the Adversary Proceeding in his capacity as a United States Bankruptcy Judge and shall have full, unqualified judicial immunity in his role as a mediator. Judge Morris may not be called as a witness in connection with the Adversary Proceeding, the underlying bankruptcy case, or any other proceeding concerning his role as the mediator, and Judge Morris may not be compelled to disclose to the Court or any person or entity any of the records, reports, summaries, notes, communications or other documents received or made by him or his staff in reference to the Mediation while serving in such capacity.

5. Each of the Parties shall participate in the Mediation in good faith.

6. All communications made, and all submissions prepared, by a Party in connection with the Mediation, including but not limited to discussions or communications with or in the presence of Judge Morris, and all settlement proposals, counterproposals, and offers of compromise made during the Mediation, shall: (a) be subject to protection under Federal Rule of Evidence 408 and any other equivalent or comparable federal and state laws and rules; (b) not be submitted or offered as evidence in any court, tribunal, or other proceeding, including, without limitation, in any pleading or other submission to any court; and (c) not be subject to disclosure through discovery. Nothing stated or exchanged during the Mediation will operate as an admission of liability, wrongdoing, or responsibility.

7. The Court retains jurisdiction to hear and determine any and all disputes involving or related to the interpretation and enforcement of this Order.

# # # END OF ORDER # # #

**AGREED AS TO FORM AND CONTENT**

| | |
|---|---|
| **GRAY REED** | **ROCHELLE McCULLOUGH, LLP** |
| By: */s/ Jason. S. Brookner* <br> Jason S. Brookner <br> Texas Bar No. 24033684 <br> Blake M. Bryan <br> Texas Bar No. 24140152 <br> 1601 Elm Street, Suite 4600 <br> Dallas, TX 75201 <br> Telephone: (214) 954-4135 <br> Facsimile: (214) 953-1332 <br> Email: jbrookner@grayreed.com <br> bbryan@grayreed.com | By: */s/ Shannon S. Thomas* <br> Kevin D. McCullough <br> Texas State Bar No. 00788005 <br> Shannon S. Thomas <br> Texas State Bar No. 24088442 <br> 901 Main Street, Suite 3200 <br> Dallas, TX 75202 <br> Telephone: (214) 953-0182 <br> Facsimile: (888) 467-5979 <br> Email: Kdm@romclaw.com <br> sthomas@romclaw.com |
| -and- | *Counsel to Jones Cemelus, MD* |
| **HOMER BONNER** | **McGUIRE WOODS LLP** |
| José A. Ortiz (*pro hac vice* pending) <br> Andrew R. Herron (admitted *pro hac vice*) <br> Anthony Diblasi (*pro hac vice* pending) <br> 1200 Four Season Tower <br> 1441 Brickell Avenue <br> Miami Florida 33131 <br> Telephone: (305) 350-5113 <br> Facsimile: (305) 372-2738 <br> Email: jortiz@homerbonner.com <br> aherron@homerbonner.com <br> adiblasi@homerbonner.com | By: */s/ Demetra Liggins* <br> Robert McFarland <br> State Bar No. 24021 <br> World Trade Center <br> 101 West Main Street Suite 9000 <br> Norfolk, Virginia 23510 <br> Telephone: (757) 640-3716 <br> Facsimile: (757) 640-3966 <br> Email: rmcfarland@mcguirewoods.com <br><br> -and- <br><br> Demetra Liggins <br> Texas Bar No. 24026844 <br> Texas Tower <br> 845 Texas Ave., Suite 2400 <br> Houston, Texas 77002 <br> Telephone: (713) 271-9191 <br> Email: dliggins@mcguirewoods.com |
| *Co-Counsel to Carlos and Albert de Solo* | *Counsel to ClareMedica Viking, LLC* |

4928-7327-5995